IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 2 4 2017

DOUGLAS F. YOUNG, Clerk
By

**STEPHANIE ZEZNANSKI, Individually and**     **PLAINTIFF**
**on behalf of All Others Similarly Situated**

vs.     No. 6:17-cv-6023

**FIRST STEP, INC.**     **DEFENDANT**

## ORIGINAL COMPLAINT FOR REPRESENTATIVE ACTION

COMES NOW Plaintiff Stephanie Zeznanski ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint for Representative Action, does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff Stephanie Zeznanski, individually and on behalf of all others similarly situated, against First Step, Inc. ("Defendant").

2. The proposed Section 216 class is composed entirely of employees who are or were Caregivers operating in and for and from Defendant's facilities located in Arkansas who, during the applicable time period, worked/work for Defendant and were/are denied their fundamental rights under applicable state and federal wage and hour laws.

3. The proposed Section 216 class will seek recovery of monetary damages for all overtime worked by Plaintiff and the putative class members.

4. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described *infra*.

6. Plaintiff has filed herewith her own written Consent to Join this lawsuit pursuant to Section 216 of the FLSA.

7. This is a representative action under the Fair Labor Standards Act. Plaintiff is similarly situated to a larger group of employees who were not paid overtime by Defendant during the course of their employment. Defendant, upon information and belief, misclassified Plaintiff and similarly situated employees as exempt from the overtime requirements of the FLSA.

## II. THE PARTIES

8. Plaintiff Stephanie Zeznanski is a resident and citizen of Garland County, Arkansas.

9. At all times relevant hereto, Plaintiff was paid a salary (without overtime premiums) for providing care to Defendant's disabled or infirm customers.

10. Plaintiff's dates of employment are from prior to the longest statute of limitations until January 19, 2016.

11. Defendant First Step, Inc., is a private domestic, for-profit corporation that provides in-home care to disabled or infirm persons in Arkansas.

12. Defendant has annual gross revenues exceeding $500,000.00.

13. Defendant First Step, Inc., has as its registered agent for service Brett Chancellor, 407 Carson, Hot Springs, Arkansas 71901.

14. Defendant was at all times relevant hereto Plaintiff's employer, and is and has been engaged in interstate commerce as that term is defined under the FLSA.

15. Plaintiff and members of the putative class are/were engaged in commerce as that term is defined under the law.

## III. JURISDICTION AND VENUE

16. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

17. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

18. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as caregivers who were, are, or will be employed by Defendant and were, are and/or will be improperly misclassified as overtime exempt at

any time within the applicable statute of limitations period, who are entitled to payment for overtime premium wages that Defendant failed to pay Plaintiff and those similarly situated.

19.    Plaintiff asserts violations of federal law, more particularly, the FLSA, on behalf of all persons who were employed by Defendant as caregivers from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

20.    Plaintiff is unable to state the exact number of the class but believes that the class exceeds 20 persons but is less than 40 persons.

21.    Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

22.    The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

23.    The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

24.    The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant that violated the FLSA, including Defendant's uniform underpayment to them as Caregivers under the FLSA.

## V. FACTUAL ALLEGATIONS

25. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

26. At all relevant times, Defendant operated and continues to operate a business that provides caregivers to disabled or infirm individuals.

27. The caregivers always or almost always work more than 40 hours per workweek.

28. Defendant did not pay caregivers overtime wages for hours worked in excess of 40 per workweek.

29. In about November of 2016, Defendant paid Plaintiff and other caregivers sums that were purportedly for unpaid overtime wages.

30. Defendant did not provide Plaintiff or other caregivers with any accounting of the back overtime wages owed to them or the liquidated damages mandated by the FLSA.

## VI. FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of FLSA Overtime Pay Requirements)

31. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

32. Defendant has failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff one and one half times her regular rate for all hours worked in excess of forty hours per week during Plaintiff's employment as described in this Complaint.

33. Many workweeks, if not all workweeks, Plaintiff worked more than forty (40) hours without overtime pay.

34. Defendant deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

35. Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

36. Defendant is and was at all times subject to the overtime pay requirements of the FLSA because it is an enterprise, and its employees are engaged in commerce.

37. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

38. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations that occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

39. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount

equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

40. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violations of the FLSA Overtime Pay Requirements by Plaintiff and All Those Similarly Situated Class Members)

41. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully set forth herein.

42. Defendant has failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff and similarly situated members of the class one and one half times their regular rate for all hours worked in excess of forty hours per week during their employment as described in this Complaint.

43. Defendant required Plaintiff and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class members overtime compensation for all of the hours in excess of forty (40) in each workweek.

44. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

45. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the class members for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations that

occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

46.   Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and the class members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47.   Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the class members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Stephanie Zeznanski, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a)   That Defendant be summoned to appear and answer herein;

(b)   A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(c)   Judgment for damages for all unpaid overtime wage compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d) Certification of a class pursuant to the FLSA, with all attendant notices to class members, and proper procedures, all as set forth above and as to be explained more fully by motion practice;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f) Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled;

(g) An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(h) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**STEPHANIE ZEZNANSKI,**
**Individually and On Behalf of All**
**Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: /s/ Steve Rauls
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com